NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRACLE METCALF, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TRA-MINW, PS, doing business as TRA Medical Imaging; TRA-MINW JV, LLC, <br><br> Defendants - Appellees. | No. 24-6845 <br><br> D.C. No. 3:24-cv-05288-DWC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding**

Submitted May 26, 2026***

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Miracle Metcalf appeals pro se from the district court's judgment dismissing

her action alleging claims under the Americans with Disabilities Act ("ADA"), the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rehabilitation Act, and state law. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023). We affirm.

The district court properly dismissed Metcalf's ADA claim for lack of Article III standing because Metcalf failed to allege facts sufficient to show a future injury. *See Langer v. Kiser*, 57 F.4th 1085, 1092-94 (9th Cir. 2023) (explaining that a private plaintiff proceeding under Title III of the ADA "must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier").

The district court properly dismissed Metcalf's Rehabilitation Act and Washington Law Against Discrimination ("WLAD") claims because Metcalf failed to allege facts sufficient to show that she was denied public accommodation because of her disability. *See Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010) (setting forth requirements of a Rehabilitation Act claim, and explaining that "[a]n organization that receives federal funds violates [the Rehabilitation Act] if it denies a qualified individual with a disability a reasonable accommodation that the individual needs in order to enjoy meaningful access to the benefits of public services"); *Fell v. Spokane Transit Auth.*, 911 P.2d 1319, 1328 (Wash. 1996)

2                                                                    24-6845

(setting forth elements of WLAD claim, including that the plaintiff was "discriminated against by receiving treatment that was not comparable to the level of designated services provided to individuals without disabilities by or at the place of public accommodation").

The district court properly dismissed Metcalf's state law outrage claim because Metcalf failed to allege facts sufficient to state a plausible claim. *See Dicomes v. State*, 782 P.2d 1002, 1012-13 (Wash. 1989) (setting forth elements of outrage claim, and explaining that "mere insults and indignities, such as causing embarrassment or humiliation, will not support imposition of liability on a claim of outrage").

The district court did not abuse its discretion by denying leave to amend because Metcalf has not shown that she could cure the deficiencies of her complaint.[1] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend

---

[1] Although the district court determined that leave to amend was not appropriate because it was "improbable" that Metcalf could cure the deficiencies of her complaint, rather than determining that amendment would be futile, this error was harmless.

may be denied when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**